IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WESLEY K. ADDISON, | § | |
| No. 2473092, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 4:24-CV-1137-O |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the petition of Wesley K. Addison under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## I.    BACKGROUND

Petitioner is serving a sentence of forty years' imprisonment imposed December 1, 2022, following his conviction for aggravated robbery with a deadly weapon under Case No. 1625277D in the 432nd District Court, Tarrant County, Texas. ECF No. 13-1 at 333. Petitioner appealed and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. The appellate court concluded that the appeal presented no arguable issue. *Addison v. State*, No. 06-23-00013-CR, 2023 WL 5217819 (Tex. App.—Texarkana Aug. 15, 2023, pet. ref'd). On November 22, 2023, the Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id.*

On June 24, 2024, Petitioner filed his state application for writ of habeas corpus. ECF No. 13-29 at 27 (signature page). On September 18, 2024, the CCA denied the petition without written order. ECF No. 13-30. On November 8, 2024, Petitioner filed his federal habeas petition. ECF No.

1 at 10 (signature page).

## II.    GROUNDS OF THE PETITION

Petitioner asserts two grounds for relief. First, he was denied his Sixth Amendment right to a speedy trial. And, second, the trial court abused its discretion by denying his motion for speedy trial and failing to follow state emergency order guidelines. ECF No. 1 at 6.

## III.    APPLICABLE LEGAL STANDARDS

### A.    Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)    resulted in a decision that was contrary to, or involved an unreasonable
        application of, clearly established federal law, as determined by the Supreme
        Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination
        of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*,

356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.    ANALYSIS

A court considers four factors when assessing a speedy-trial claim: (1) the length of the delay, (2) the reason for the delay, (3) assertion of the right, and (4) prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The triggering mechanism for the inquiry is the length of the delay. *Id.* For the purposes of calculating delay, a defendant's speedy trial right attaches at the time of arrest or indictment, whichever comes first. *Amos v. Thornton*, 646 F.3d 199, 206 (5th Cir. 2011). A delay of more than one year between arrest or indictment and trial triggers the *Barker* analysis. *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993).

In this case, Petitioner was arrested December 25, 2019, and tried in November 2022, triggering the analysis. The thirty-five month delay, however, is not sufficient to give rise to a presumption of prejudice. *Goodrum v. Quarterman*, 547 F.3d 249, 260–61 (5th Cir. 2008) (a presumption of prejudice applies only where the delay is at least five years).

The cause for the delay in this case, as Petitioner admits, was the COVID-19 pandemic. Texas declared a state of disaster on March 13, 2020, and the Texas Supreme Court issued a series of emergency orders regarding proceedings in court. ECF No. 14 at 12 & n.5. The record does not reflect, and Petitioner has not pointed to any evidence, that the State caused any delay. The Court is satisfied that delay caused by the pandemic should not be attributed to the State. (To the extent Petitioner complains that the state court failed to follow Texas law, the claim is not cognizable on federal habeas review. *See Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983) (federal courts do not sit as super state supreme courts to review error under state law).)

Petitioner asserted his speedy-trial right in several *pro se* motions, as noted by Respondent. ECF No. 14 at 13. However, Petitioner was represented by counsel at all times and was not entitled to hybrid representation. *United States v. Long*, 597 F.3d 720, 729 (5th Cir. 2010); *Rudd v. State*, 616 S.W.3d 623, 625 (Tex. Crim. App. 1981). His *pro se* motions were properly disregarded by the trial court. *Boyle v. Lumpkin*, No. 4:20-CV-190-A, 2021 WL 1338856, at *4 (N.D. Tex. Apr. 9, 2021); *Gambrel v. State*, No. 10-23-00235-CR, 2024 WL 3451842, at *2 (Tex. App.—Waco July 18, 2024, pet. ref'd). When counsel filed a motion for speedy trial, it was promptly heard and trial was set. ECF No. 13-5 at 1–24. Nevertheless, Petitioner filed yet another *pro se* motion on November 17, 2022, days before trial, seeking substitution of counsel on the ground that, among other things, his attorney failed to file a motion for speedy trial. ECF No, 13-1 at 288–96.

Finally, the Court considers prejudice "in the light of the interests of defendants which the speedy trial right was designed to protect," to wit: (i) to prevent oppressive pretrial incarceration, (ii) to minimize anxiety and concern of the accused, and (iii) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. The burden is on Petitioner to make an affirmative

showing of actual prejudice. *Hill v. Wainwright*, 617 F.2d 375, 379 n.4 (5th Cir. 1980); *United States v. Avalos*, 541 F.2d 1100, 1116–17 (5th Cir. 1976). Petitioner has not shown that he was subject to oppressive pretrial incarceration. Rather, the record reflects that he was out on bond and failed to report as required. During that time, he committed additional offenses, which resulted in his incarceration. The record does not reflect any anxiety or concern of Petitioner, who was a habitual offender. As for the third element, Petitioner alludes to the loss of testimony by Sheronica Parker. ECF No. 2 at 3. He has not shown that she was available to testify and would have done so; nor has he shown what her testimony would have been or why it would have been exculpatory. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (claims of uncalled witnesses are not favored; speculation does not state a claim); *Sikes v. Davis*, No. 4:16-CV-244-O, 2018 WL 741632, at *13 (N.D. Tex. Feb. 6, 2018) (allegation about loss of witness was unsupported by the record and unpersuasive). In sum, his conclusory allegations do not meet the test. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). There is no reason to believe Petitioner would have cooperated with counsel in preparing his defense in any event. *See, e.g.*, ECF No. 13-4 at 12–14, 17 (Petitioner and his first attorney did not agree on anything; Petitioner got angry and refused to listen and counsel had done all she could without his participation).

The Court is required to give widest latitude to the state court's conduct of speedy-trial analysis. *Amos*, 646 F.3d at 205. That latitude is not diminished by the failure to explain its decision. *Id.* Deferring to the state habeas courts' implied factual findings on the issue and assuming the state courts engaged in a *Barker* analysis, Petitioner has failed to meet his burden of showing that the denial of relief was objectively unreasonable. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (to be entitled to federal habeas relief the petitioner must show that the state court's

5

determination was unreasonable, a substantially higher threshold than establishing that the decision was incorrect).

## V.    CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **22nd day** of **May, 2025**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**